(112 App. Div. 102)

NICHOLS et al. v. RILEY et al.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. APPEAL—REVIEW—ESTOPPEL TO ALLEGE ERROR—WAIVER OF OBJECTIONS.
    Where plaintiffs waived all technical objections to a motion for change of place of trial on the ground that the action was not brought in the proper county, and consented that it be heard on the merits as one to change the place of trial for the convenience of witnesses, and afterwards the original order on the motion was resettled on their motion, they cannot urge as a ground for sustaining the order denying the motion that one of the defendants not in default was not made a party to the motion.

2. VENUE—GROUNDS OF CHANGE—CONVENIENCE OF WITNESSES.
    Where a party shows a larger number of witnesses necessary and material to the matters in controversy residing in another county than that in which the action is brought, he is entitled to a change of place of trial for the convenience of witnesses.
    [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, §§ 76, 77.]

3. SAME—CONDITIONS OF ORDER.
    A condition, imposed by an order denying defendants' motion for a change of place of trial for the convenience of witnesses, that the plaintiffs should admit the signatures to certain documents held by the defendants, is not effective to destroy the necessity of witnesses, since a party should not be compelled before trial to disclose his evidence.

Appeal from Special Term, New York County.

Action by William W. Nichols and another against John B. Riley and others. From an order denying a motion to change the place of trial for the convenience of witnesses, defendants Riley and another appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Thomas F. Conway, for appellants.
Charles K. Allen, for respondents.

PER CURIAM. There were several fatal objections to defendants' original motion to change the place of trial of this action, amongst them being the fact that the defendants' notice stated that the motion was on the ground that the county of New York was not the proper county, and the further one that the codefendant the Mutual Life Insurance Company of New York, not in default, was not served with notice of the application. On the motion coming on for hearing, however, as a condition for adjournment, as the order recites, the plaintiffs waived all technical objections, and consented that the motion be heard upon the merits as one to change the place of trial for the convenience of

witnesses. In addition to this waiver the plaintiffs moved to resettle the original order, which was done on their motion, and the same was entered by them. In view of these acts and stipulations of the plaintiffs, we think they are not now in position to urge, for the purpose of sustaining their order of denial, that the appellants' codefendant, not in default, was not made a party to the motion, or to invoke any other technical objection which might have been remedied had the defects been pointed out.

No affirmative relief is demanded against the defendant insurance companies, but it is alleged that they hold the moneys in their hands until the controversy between the respondents and appellants shall be determined. On the merits, as a motion to change the place of trial for the convenience of witnesses, we think the motion should have been granted. The defendants show a larger number of witnesses necessary and material to the matters in controversy, all residing in the county of Clinton. The condition imposed by the order, that the plaintiffs should admit the signatures to certain documents held by appellants, is not effective to destroy the necessity of witnesses, because a party should not be compelled, before trial, on a motion of this character, to disclose his evidence to his adversary.

While the sale of the policies took place in the state of Minnesota, the proceeds of which it is alleged the appellants wrongfully claim or hold in trust for the plaintiffs, yet the transactions out of which the issues between the plaintiffs and the contesting defendants arise took place in the county of Clinton. In that sense, therefore, the cause of action arose in that county, and such fact is always entitled to weight in determining the place of trial. If plaintiffs' claims are true, they can be established in that county in a much shorter time than to await the course of litigation in the county of New York.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to change the place of trial from New York to the county of Clinton, on the ground of convenience of witnesses, granted, without costs.